ROBERT S. BREWER, JR.
United States Attorney
BRANDON J. KIMURA
Assistant U.S. Attorney
California Bar No.: 241220
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9614

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21CR1163-GPC |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S APPEAL OF DETENTION ORDER** |
| v. | |
| BRIAN MATTHEW THIBODEAU, | |
| Defendant. | |

## INTRODUCTION

Brian Matthew THIBODEAU ("Defendant") was arrested on March 26, 2021, pursuant to a Complaint and Arrest Warrant relating to a search of his home after he unlawfully ordered and received a suppressor. *See* Complaint, Dkt. 1 ("Complaint").

The Magistrate Court initially denied the United States' motion to detain on April 2, 2021 and ordered that the Defendant be released on bond. *See* Dkt. 10, Order Setting Bond. Upon the request of the United States, the Court set a new detention hearing on May 26, 2021. *See* Dkt. 24. On that day, the Magistrate Court heard new evidence not available to the United States on the date of the original detention hearing. *See* Exhibit 1, Transcripts of Detention Hearing; Exhibit 2, Exhibits from Detention Hearing. This evidence largely came from the review of Defendant's digital devices seized on the date of his arrest. *Id*. The evidence included, among other things, Defendant's possession of firearm and pipe-bomb related components, his admission to being a white supremacist, explicit photos of African-

Americans shot and bleeding, pictures of mass-shooter Dylan Roof, and addresses and information related to individuals who have been critical or who have angered white supremacists. *See id.*; Dkt. 28, Order to Detain at pg. 3; Exhibit 1, Transcripts of Detention Hearing; Exhibit 2, Exhibits from Detention Hearing. Based on this new information, the Court ordered that Defendant be held without bond for risk of flight and danger to the community. Dkt. 28, Order to Detain.

Defendant then filed a Motion for Reconsideration of that order. Dkt. 14. Because Defendant raised no new substantive facts or issues from those heard and considered by the Magistrate Court at the detention hearing, his motion was denied. Dkt. 41.

Defendant now files this appeal of the Detention Order arguing the Magistrate Court erred in detaining him. *See* Def.'s Appeal at Dkt. 42. The United States believes that the evidence presented at the Detention Hearing showed that there were no conditions or combination of conditions that can reasonably assure the safety of the public or Defendant's appearance in court.

## ARGUMENT

### A.   The § 3142(g) Factors to Support Detention

This Court should not overturn the Magistrate Court's Detention Order. Title 18, United States Code, Section 3142(g) sets forth the factors courts shall consider when determining whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include, among others, (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, and (4) "the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release." 18 U.S.C. § 3142(g). None of those factors have changed in the weeks since this Court first ordered Defendant detained.

Nevertheless, Defendant urges this court to overturn the Magistrate Court's Detention Order, but again raises no new facts or issues to justify his motion. Instead, Defendant

attempts to misdirect and minimize the evidence presented at the Detention Hearing. Regardless, as the Magistrate Court correctly determined, the § 3142(g) factors simply do not support setting bond in this case.

1. The *Nature and Circumstances of the Offense Have Not Changed*

Defendant was charged with possession of an unregistered suppressor. *See* Dkt. 17, Information. This offense carries a maximum sentence of 10 years. Should he be convicted of this charge his Guidelines will begin at a base offense level 18. *See* U.S.S.G. § 2K2.1(a)(6). With a criminal history category I, the Guideline range is 27-33 months' custody.

2. *The Weight of the Evidence Remains Substantial*

Defendant was the addressee of the package that contained the suppressor. *See* Dkt. 1, Complaint. He received it at his residence, it was found in his bedroom, and he admitted to ordering it. *Id*. Thus, the weight of the evidence in this case remains substantial.

3. *Defendant's History and Characteristics Have Not Changed*

In analyzing "the history and characteristics" of a defendant under § 3142(g)(3), courts are to consider, among other things, "past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." None of these factors have changed. *See* Detention Order, Dkt. 28.

At the time of the violation, the evidence shows that Defendant was attempting to build his own unserialized AR-15-style rifle. *See* Exhibit 1, Transcripts of Detention Hearing; Exhibit 2, Exhibits from Detention Hearing. He had also researched instructions to build pipe bombs and other explosive and mass casualty weapons, and possessed lengths of pipe consistent with pipe bombs. *Id*.

Next, Defendant had a prior 2015 shooting threat to his school that caused law enforcement to respond. *Id*. During his current arrest, he also admitted to another detainee that he was arrested because law enforcement thought he was going to do some "Columbine-type stuff." *Id*. He also admitted that he was a white supremacist. *Id*. His

3

journal entries also contained a statement that he had fantasies of "mowing-down hoards of men with a machine gun." *Id*.

Finally, a search of his digital devices showed he possessed disturbing photos of African Americans being shot and killed, a person with a Star of David on his back being hanged, and convicted mass-murderer Dylan Roof. Exhibit 2, Exhibits from Detention Hearing. He also physically possessed white supremacist literature including Mein Kampf and the Turner Diaries. *Id*. Finally, his digital devices showed that he had researched addresses for individuals who have opposed or spoken out against racism or for diversity. Exhibit 1, Transcripts of Detention Hearing; Exhibit 2, Exhibits from Detention Hearing.

4.   *Defendant's Motion*

Defendant again argues that his ideology is irrelevant to detention and argues that because he does not face significant custodial time based on the Guidelines, he should be granted bond. *See* Def.'s Appeal at Dkt. 42.

First, and most importantly, Defendant offers no new evidence and largely reargues the evidence presented at the detention hearing. Next, Defendant is wrong is stating that his ideology is not relevant to whether or not he should be detained. Defendant's ideology is intertwined with the alleged violation and his possession of other dangerous firearm and explosive-related material. It provides his potential motivation for his possession of these items and his research into building weapons of mass destruction, his possession of the disturbing pictures of minorities being killed or assaulted, and research into the opponents of his movement. For all of these reasons, Defendant's ideology is relevant to "the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release" and was properly considered by this Court. 18 U.S.C. § 3142(g).

4

## III.
## CONCLUSION

The United States respectfully requests that Defendant's Appeal of Detention Order be denied.

DATED: August 16, 2021     Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

s/*Brandon J. Kimura*
BRANDON J. KIMURA
Assistant U.S. Attorney

5

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. Case No. 21CR1163-GPC |
| Plaintiff, | ) ) ) | CERTIFICATE OF SERVICE |
| v. | ) ) | |
| BRIAN MATTHEW THIBODEAU, | ) ) | |
| Defendant | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Brandon J. Kimura, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response in Opposition to Defendant's Appeal of Detention Order on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Diane Regan, Esq.

Attorney for Defendant BRIAN MATTHEW THIBODEAU

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2021.

s/*Brandon J. Kimura*
BRANDON J. KIMURA

6