RANDY GROSSMAN
Acting United States Attorney
BRANDON J. KIMURA
Assistant U.S. Attorney
California Bar No.: 241220
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9614
Email:  brandon.kimura@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MATTHEW THIBODEAU,<br><br>Defendants. | Case No.: 21CR1163-GPC<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE***<br><br>**TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |
|---|---|

COMES NOW the plaintiff, the United States of America, by and through its counsel, Randy S. Grossman, Acting United States Attorney, and Brandon J. Kimura, Assistant United States Attorney, and Response in Opposition to Defendants' Motions *in Limine*. These Motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

I

STATEMENT OF THE CASE AND FACTS

The United States also incorporates by reference its Motions *in limine* at Dkt. 55.

II

MOTIONS IN LIMINE

1. **Motion to Exclude Evidence that is Inextricably Intertwined or Prior Noticed Act Evidence under Rule 404(b)**

First, Defendant moves to preclude evidence described in the United States Motion *in limine* at pgs. 7-10. These include documents, files, and items found through the search

of digital devices found in Defendant's possession, and during the search of his room. As previously stated, the United States believes these items evidence Defendant's desire to build an arsenal of weapons, and that it is "inextricably intertwined" as part of a coherent and comprehensible story of the charged crime. Specifically, it evidences Defendant's desire to use the Suppressor 1) as a firearm suppressor; 2) for the AR-15 style rifle that he was building; and 3) as part of a larger weapons arsenal he was building.

As set forth, inextricably intertwined evidence is an independent basis to admit evidence from Federal Rule of Evidence 404(b). *See, e.g., U.S. v. Kupfer*, 797 F.3d 1233, 98 Fed. R. Evid. Serv. 293 (10th Cir. 2015); *United States v. Williams*, 900 F.2d 823, 30 Fed. R. Evid. Serv. 477 (5th Cir. 1990). This occurs "primarily in two situations: (1) where the other offense constitutes a part of the transaction that serves as the basis for the criminal charge, and (2) when a coherent and comprehensible story of the charged crime cannot be told without mentioning the other offense." 31A Fed. Practice & Proced. Evidence Rules Quick Reference Guide, Rule 404(b) (2019 ed.) (cases cited). In these circumstances, it is not necessary to consider the admissibility of the other act evidence under one of the Evidence Rule 404(b) exceptions. *United States v. Price*, 877 F.2d 334, 28 Fed. R. Evid. Serv. 474 (5th Cir. 1989); *see also* § 32:4.Evidence that is inextricably intertwined with the charged offense, 1 Federal Trial Handbook: Criminal § 32:4 (4th ed.).

Alternatively, the United States moved to admit the same evidence discussed above under Rule 404(b) to show motive, intent, preparation, knowledge, plan, and absence of mistake. Contrary to Defendant's assertion, these were properly noticed in a letter sent to counsel on November 4, 2021. *See* Exhibit 1, 11/4 - Email to Counsel. Defendant's other acts in researching, downloading, saving, writing, and building a weapon meets all the criteria for admission under Rule 404(b).

Again, the United States believes Defendant's motive, intent, preparation, knowledge, plan, and absence of mistake in possessing the Suppressor is a significant issue in this case. These prior acts show that he was interested in building his own

weaponry, that he was knowledgeable about various types of weaponry, that he researched the necessary components, and that he had a plan in place to do the same. Also significantly, it directly refutes his likely defense that he had an alternative non-firearm/suppressor purpose for the Suppressor. Therefore, its probative value is not *substantially outweighed* by the danger of unfair prejudice.

### 2. Attorney Conducted *Voir Dire*

The United States will comply with this Court's rules to file its proposed voir dire and jury verdict form on the date of the motions *in limine* hearing and its proposed jury instructions five days before trial. Otherwise, the United States defers to the Court's practice regarding these motions.

### 3. Mini-Opening

The United States is unfamiliar with "mini-openings" and has not been able to locate their description on the Ninth Circuit's website. Because Defendant does not provide a clear description of this practice, the United States cannot agree to this format at this time.

### 4. Expert Testimony for the United States Should Be Admitted

As stated in its prior filings, the United States provided notice of its experts in letters to Defendant on October 18th and November 4th. *See* Exhibit 1, 11/4 - Email to Counsel; Exhibit 2, 10/18 – Email to Counsel. The United States has also provided discovery related to the same experts and will work with counsel to identify those documents in the current production. The United States has found a Supplemental Report and Exhibits from its Firearms Expert and the CV from its Automobile Expert were not included in its prior production. The Supplemental Report and the CV were sent to Defendant's Counsel on November 23rd. The Exhibits to the Supplemental Report (video files) were sent on November 24th.

### a. Notice Requirements – Applicable Law

The advisory committee's notes to Federal Rule of Criminal Procedure 16(a)(1)(E) provide that "[a]lthough no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." Fed. R. Crim. P. 16 advisory committee's notes; *see also VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995) (stating same quoting the advisory committee's notes); *United States v. Murillo*, No. CR16-0113JLR, 2016 WL 5792692, at *2 (W.D. Wash. Oct. 4, 2016) (noting Rule 16(a)(1)(G) is silent as to the timing of discovery and courts uphold disclosure even at late stages leading up to trial as long as there is no significant prejudice), aff'd, 744 F. App'x 378 (9th Cir. 2018).

The Ninth Circuit has affirmed the allowance of expert testimony disclosed very close to or even during trial. *See United States v. Taylor*, 467 F. App'x 670, 672 (9th Cir. 2012) (holding district court properly allowed government to call handwriting expert in case-in-chief where although "the government delivered the expert's report within moments of receiving it itself...on the first day of trial, time remained within which Taylor could prepare for the now likely inculpatory testimony...[and] *Taylor*, moreover, did not seek a continuance to enable him to find and obtain a report from his own expert."); *United States v. Mendoza-Paz*, 286 F.3d 1104, 1112 (9th Cir. 2002) ("Although the government did not provide summaries of the chemist's anticipated testimony and qualifications until four days before trial, and did not provide the names of the tests conducted on the marijuana until the first day of trial, Mendoza–Paz has not demonstrated a likelihood that the verdict would have been different if that information had been provided earlier.").

### b. The Experts were Properly Noticed

First, while there is no bright line regarding the proper amount of notice for expert or *rebuttal* expert testimony, this Court should decline to use the extreme remedy of excluding the expert witness testimony in this action given that the current trial date was approximately 12-8 weeks away at the time notice was provided. *United States v. W.R. Grace*, 493 F.3d 1119, 1132 (9th Cir. 2007) (noting that "as with the exclusion of

nonexpert witnesses, completely precluding use of an expert witness is an extreme sanction."), on reh'g en banc, 526 F.3d 499 (9th Cir. 2008).

Defendant will have had approximately 12-8 weeks since the notice letter to prepare for this testimony, which is sufficient time given its scope. Discovery related to these experts was provided on September 27th and August 24th. Regarding the Supplemental Report, Exhibits, and CV, these were provided on November 23rd and 24th, approximately 3 weeks prior to trial, which is still sufficient for Defendant to prepare for trial. The Supplemental Report does not include any conclusion not included in the prior notice letters (the Suppressor is designed to be a suppressor and does not function as a solvent trap). The United States believes much of this will also be rebuttal evidence should Defendant claim he intended to use the Suppressor as a solvent trap. For these reasons, Defendant's Motion to Exclude Experts should be denied.

### III
### CONCLUSION

For the above-stated reasons, the United States respectfully requests that Defendant's Motions *in limine* be denied where opposed.

DATED: November 26, 2021        Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney


/s/*Brandon J. Kimura*
Brandon J. Kimura
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21CR1163-GPC |
|---|---|
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| BRIAN MATTHEW THIBODEAU, | |
| Defendant | |

IT IS HEREBY CERTIFIED THAT:

I, BRANDON J. KIMURA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response in Opposition to Defendant's Motions *in Limine*, together with a memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Diane Regan, Attorney for BRIAN MATTHEW THIBODEAU

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants in this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2021.

s/Brandon J. Kimura<br>
BRANDON J. KIMURA