RANDY S. GROSSMAN
Acting United States Attorney
Brandon J. Kimura
Assistant United States Attorney
California Bar No. 241220
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9614
Email: brandon.kimura@usdoj.gov

Attorneys for the United States of America

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN MATTHEW THIBODEAU,<br><br>　　　　Defendant. | Case No. 21CR1163-GPC<br><br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Brandon J. Kimura, Assistant United States Attorney, and Defendant Brian Matthew Thibodeau ("Defendant"), with the advice and consent of Diane Regan, counsel for Defendant, as follows:

### I

### THE PLEA

Defendant agrees to plead guilty to Count 1 of the Information charging Defendant with:

> On or about March 26, 2021, within the Southern District of California, defendant BRIAN MATTHEW THIBODEOU, did knowingly and unlawfully receive or possess a silencer/suppressor; that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861(d) and 5871.

Plea Agreement

Def. Initials B T

In addition, the attached forfeiture addendum shall govern forfeiture in this case.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1.    First, the defendant knowingly possessed the firearm; and

2.    Second, the defendant was aware that the firearm's barrel was less than 16 inches in length; and

3.    Third, the defendant had not registered the firearm with the National Firearms Registration and Transfer Record.

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    That on or about March 26, 2021, Defendant knowingly possessed an unserialized silencer/suppressor (the "suppressor");

2.    Defendant was aware that the suppressor was a device designed to silence, muffle, or diminish the report of a portable firearm; and

3.    Defendant had not registered the suppressor with the National Firearms Registration and Transfer Record.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.    a maximum 10 years in prison;

2

Def. Initials B J

B.    a maximum $250,000 fine;

C.    a mandatory special assessment of $100 per count;

D.    a term of supervised release of no more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.    forfeiture of all firearms and ammunition involved in the offense.

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.    Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

3

Def. Initials BT

required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will

4

Def. Initials BT

bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not

Def. Initials BT

binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2k2.1(a)(5)] | 18 |
| 2. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 3. | Departure for Combination of Circumstances [§ 5K2.0] | -1 |

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines

Def. Initials

1  under 18 U.S.C. § 3553. The Government will oppose any downward

2  adjustments, departures, or variances not set forth in Section X,

3  paragraph A above.

4      D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

5      The parties have **no** agreement as to Defendant's Criminal History

6  Category.

7      E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

8      The facts in the "factual basis" paragraph of this agreement are

9  true and may be considered as "relevant conduct" under USSG § 1B1.3 and

10  as the nature and circumstances of the offense under 18 U.S.C.

11  § 3553(a)(1).

12      F.   PARTIES' RECOMMENDATIONS

13      The Government will recommend that Defendant be sentenced within

14  the advisory guideline range recommended by the Government at

15  sentencing.

16      The parties will further jointly recommend three years of

17  Supervised Release with the following terms:

18/19      1.   A suspicionless search waiver that can be conducted by any law enforcement personnel;

20/21      2.   Mental health treatment and counseling as directed by Probation;

22/23      3.   Limitations on access to the internet and digital devices as directed by Probation;

24/25/26      4.   Limitations on contact with individuals identified as affiliates or members of white nationalist/supremacist, Nazi, or other anti-Semitic, anti-black group or any group dedicated to the violent overthrow of the United States' government or violence directed at government officials;

27/28      5.   Defendant not possess literature, pictures, or other media related to white nationalist/supremacist, Nazi, or other

7

Def. Initials BT

anti-Semitic, anti-black group or any group dedicated to the violent overthrow of the United States' government or violence directed at government officials;

6. GPS location monitoring and a curfew with exceptions for work, health, schooling, or religious purposes, as approved and at the discretion of Probation;

7. Limitations on travel outside of the Southern District of California except as approved and at the discretion of Probation;

8. Cultural sensitivity classes/training under the supervision of Probation;

9. That Defendant not possess any firearm parts (including barrels, triggers, upper receivers, or incomplete lower receivers), or explosive or destructive devices, and chemical weapons; and

10. That Defendant not possess any literature, pictures, or other media, or plans (including digital designs) related to the building or acquisition of firearms, firearm parts (including barrels, triggers, upper receivers, or incomplete lower receivers) or explosive or destructive devices, and chemical weapons.

The parties have no further agreement regarding the terms of the Supervised Release and may request or oppose any further conditions at their discretion.

G.   SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//

Def. Initials B T

2.  <u>Fine</u>

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.  <u>SUPERVISED RELEASE</u>

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

XI

<u>**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**</u>

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

//

//

//

9

Def. Initials B̶T̶

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.   Failing to plead guilty pursuant to this agreement;

2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence

Def. Initials B T

21CR1163-GPC

than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

11

Def. Initials BT

1      This plea agreement embodies the entire agreement between the
2   parties and supersedes any other agreement, written or oral. No
3   modification of this plea agreement shall be effective unless in writing
4   signed by all parties.

5   **XIV**

6   **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

7      By signing this agreement, Defendant certifies that Defendant has
8   read it (or that it has been read to Defendant in Defendant's native
9   language). Defendant has discussed the terms of this agreement with
10  defense counsel and fully understands its meaning and effect.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. Initials BT

XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
United States Attorney

2/14/22
_____
DATED

_____
BRANDON J. KIMURA
Assistant U.S. Attorney

2 - 14-22
_____
DATED

~~DIANE REAGAN~~ THOMAS RIST
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

02- 14-22
_____
DATED

Brian Thibodeau
_____
BRIAN MATTHEW THIBODEAU
Defendant

Def. Initials BT