**RIST LAW OFFICE, LC**
Thomas A. Rist (SBN 238090)
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
(619) 377-4660
tom@sdvictimlaw.com

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>BRIAN THIBODEAU,<br><br>           Defendant. | Case No.: 3:21CR01163-001-GPC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: June 27, 2022<br>Time: 8:30 a.m. |

    Defendant Brian Thibodeau, through counsel, Thomas Rist, submits the following Sentencing Memorandum.

### I. SUMMARY SENTENCING RECOMMENDATION

    Mr. Thibodeau respectfully requests a sentence of time served in this case of 411 days (13.51 months) as of the date of sentencing and no fine due to inability to pay.

### II. INTRODUCTION

    18 U.S.C. § 3553(a) directs a court to "impose a sentence sufficient, but not greater than necessary." A sentence of 13 ½ months in custody appears to be much more appropriate than the 15-21 months calculated under the Sentencing Guidelines. This is clearly a case where the

guidelines clash with § 3553(a)'s primary directive to 'impose a sentence sufficient, but not greater than necessary to comply with the purposes' of sentencing, also quoting Justice Kennedy's 2004 speech to the ABA that "prison sentences are too long...". *See Kimbrough v. U.S.*, 128 S.Ct. 558, 564 (2007).

### III. §3553 FACTORS

**A.    The Nature and Circumstances of the Offense, and History and Characteristics of the Offender (§3553(a)(1))**

**1.    The Offense**

In August, 2020, Defendant Brian Thibodeau purchased a suppressor online for an AR-15 rifle that was marketed as a fuel filter. It took months for this item to finally be shipped to the United States. On March, 19, 2021, a package from China was flagged at the Los Angeles International Mail Facility. The package was addressed to Mr. Thibodeau at his home address in Brawley, California.

On March 26, 2021, federal agents went to Mr. Thibodeau's home and executed a search warrant. At this time, they found various items that Mr. Thibodeau had for building an AR-15 as well as ammunition and other items that were flagged by federal agents as suspicious in nature.

Other weapons were found in the home but they were all properly registered, legal firearms owned by family members. Mr. Thibodeau gave a statement post-arrest and admitted to purchasing the suppressor and even stated that he knew there could be repercussions of this purchase. Mr. Thibodeau also provided a statement of the offense to U.S. Probation and freely admitted to purchasing the suppressor.

Importantly, the item Mr. Thibodeau was purchasing is completely legal under federal law so long as the person complies with registration requirements under the Firearms Act. In this case however, Mr. Thibodeau did not attempt to register the item and wanted to use it for a firearm he was trying to build at the firing range. The firearm was not yet built and was in unusable pieces when he was arrested.

Mr. Thibodeau's family posted bond on April 6, 2021 by posting a $2,000 cash deposit. While out on bond he had zero issues complying with conditions of bond. However, the government subsequently made a motion to detain Mr. Thibodeau which was granted on May 26, 2021. At the hearing on this motion the government offered evidence that was discovered during the original search of Mr. Thibodeau's home. In short, Mr. Thibodeau was arrested, incarcerated, released on bail, and reincarcerated on the exact same charge with no violations of bail conditions.

Mr. Thibodeau has taken responsibility for what happened in this case and additionally has shown extreme remorse for his actions.

### 2. History and Characteristics of Defendant

Mr. Thibodeau was raised in Brawley, California. He was raised solely by his mother after his parents separated when he was four years old. Mr. Thibodeau has seen his father only four times since then, the last being when he was seven years old. Mr. Thibodeau dropped out of high school and has a GED. He is interested in auto mechanics or welding as possible trades and would like to get training to do this.

Mr. Thibodeau was previously interested in joining the military prior to the charges in the instant case. He relates that a family friend and mentor Anthony Adams, got him interested in the military and firearms. Mr. Adams is apparently a retired fire chief who also served as a SWAT instructor. Mr. Adams has taken Mr. Thibodeau to the firing range to use a firearm and this became an interest of Mr. Thibodeau. This interest led to Mr. Thibodeau reading more about firearms and trying to put one together himself.

Mr. Thibodeau has a completely clean criminal history. He has had issues socially that have led to some mental health treatment which could be useful to continue in the future. He is young and other than this case only had one other interaction with law enforcement seven years ago, in 2015. At that time, he was going to school at Imperial High School and made an offhand threat to "shoot up the school." The school obviously took this very seriously and police responded to the school in order to investigate further.

What was discovered was that Mr. Thibodeau was being bullied by students at the school who decided to hide his backpack from him while he was sitting in the bleachers at the football field. The other students then made fun of him while he was trying to find it. Mr. Thibodeau admitted to feeling bullied and noted that he made the statement when he was mad at them. Mr. Thibodeau told officers that he was not serious when he made the statement and he did not mean it. This incident resulted in Mr. Thibodeau getting mental health treatment. If it was investigated further, a long history of bullying of Mr. Thibodeau by others while he was in school would very likely have been discovered.

### B. The Need for the Sentence Imposed

U.S.C. § 3553(a)(2) provides for a court to examine several factors involving the need for the sentence imposed. Here, the Defendant and counsel believe that a sentence of time served of 411 days (13.5 months) in custody is more than serious enough to reflect the seriousness of the offense, provide deterrence, protect the public, and provide corrective treatment. This is especially true considering this is a twenty-year old who was taken to jail, released on bond, then one moth later taken right back to jail although he did nothing further to warrant that action. Additionally, the conditions of Supervised Release are some of the strictest that the undersigned counsel has seen in a case where the Sentencing Guidelines impose what is a relatively short time period of incarceration. All of these conditions will ensure the safety of the public while additionally providing Mr. Thibodeau with mental health counseling and treatment.

### IV. DEPARTURES/VARIANCES

The United States has agreed to a one-level departure under § 5K2.0 for Combination of Circumstances. The Defendant is asking this Court to consider a very slight variance to 13.5 months, which would move his sentence to one of credit for time served (instead of the 15 months calculated as the low end of the guideline range). This request is based on the overall circumstances of this case as set forth herein, including the Defendant coming out of jail on bond and being reincarcerated at the request of the United States until the date of sentencing. The Defendant

submits that a credit for time served sentence reflects the seriousness of the offense and provides a just punishment in this case.

## V. ARGUMENT

The "United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom." *U.S. v. Johnson*, 964 F.2d 124, 125 (2d Cir. 1992). This is a relatively simple case in that the Defendant is charged with purchasing a suppressor and not doing so through the proper channels required by the Firearms Act. The Defendant absolutely took responsibility for this when he gave a post-arrest statement. He again took responsibility for this and further clarified what he was trying to build and how he would have used the suppressor at a firing range.

There are without question inflammatory components to this case. There are prior comments of Mr. Thibodeau saying he would shoot up a school seven years ago. There is a twenty-year old involved who thus far has no work history and appears to have little direction with where to go next. There are other items that were found during the search of the Defendant's home that the government will surely point to in an attempt to seek even more jail time for Mr. Thibodeau. That includes an internet search history, questionable literature, ammunition that was purchased for a gun that was being built, and a hobby of building guns or shooting guns that appears to be in its infant stages.

Yet a sentence in this case at time served appears to be more than adequate. This is a twenty-year old kid who has spent 411 days in jail. This is a twenty-year old kid who grew up without a father in his life. This is a twenty-year old kid who was no doubt bullied in high school due to his social awkwardness and inability to fit in with others. The 411 days in jail were made worse for Mr. Thibodeau when he was released on bail and then taken back to jail having complied with every single condition of bond.

More time in jail is not going to do anything to further rehabilitate someone who has already had 411 days to think about what he did, especially when in less than two months from now he has already reached the low end of the sentencing guidelines. What makes much more

sense in this case is to release Mr. Thibodeau and to place him on the extremely restricted Supervised Release that has been proposed in this case. These restrictions were *agreed* to by the Defendant and include mental health treatment, counseling, limitations on the internet and literature he can read or possess, GPS monitoring, sensitivity classes and an inability to ever own firearms or firearm parts again. This will give the Defendant at least a shot at assimilating back into society. It will give him a shot to find employment, find a purpose, and to steer clear of any further issues with any court.

## VI. CONCLUSION

Mr. Thibodeau submits that sentence of time served of 411 days along with the restricted Supervised Release makes more sense in this case than more prison time. This sentence would be sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Dated:  June 20, 2022                                                  Rist Law Office, LC

                                                                                    By:  ____/s/ Thomas A. Rist_____
                                                                                           Thomas A. Rist