PROB 12C(E)  
(03/16)

June 4, 2025  
pacts id: 7447133

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Brian Mathew Thibodeau (English)          **Dkt No.:** 21CR01163-001-GPC

**Reg. No.:** 37099-509

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 26 U.S.C. §§ 5861(d) and 5871, Possession of an Unregistered Silencer, a Class C felony.

**Date of Sentence:** June 22, 2022

**Sentence:** 15 months' imprisonment; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** February 5, 2025

**Asst. U.S. Atty.:** Matthew Brehm          **Defense Counsel:** Thomas Rist
(Appointed)
(619) 377-4660

**Modification:** On September 24, 2024, Your Honor modified the location monitoring condition to remove the "GPS" ankle device" or location monitoring technology. On March 3, 2025, Your Honor remitted the location monitoring condition.

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12C(E)

| | |
|---|---|
| Name of Offender: Brian Mathew Thibodeau | June 4, 2025 |
| Docket No.: 21CR01163-001-GPC | Page 2 |

The probation officer believes that the offender has violated the following conditions of supervision:

| **CONDITIONS** | **ALLEGATIONS OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)** Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the probation officer, all of which are subject to search and seizure. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software. | 1. On or about January 3, through June 3, 2025, Mr. Thibodeau possessed and used a computer related device, specifically an LG K20 plus, a cellular telephone, which is internet capable, without the prior approval of the probation officer or court, as evidenced by his admission to the probation officer on June 4, 2025.<br><br>2. On or about June 3, 2023, through June 3, 2025, Mr. Thibodeau possessed and used a computer related device, specifically an HTC, a cellular telephone, which is internet capable, without the prior approval of the probation officer or court, as evidenced by his admission to the probation officer on June 4, 2025. |

***Grounds for Revocation:*** As to Allegation 1, on June 4, 2025, the probation office conducted a search of Mr. Thibodeau's residence, during which he admitted to purchasing and began using an LG K20 plus cell phone approximately six months ago, which was not approved by his probation officer. In addition to his admission of possessing the cellular device, he further admitted to using the device to access the internet, specifically accessing social media (Instagram and X) to express his discontent with the Government, Mr. Thibodeau admitted to last using the cellular telephone yesterday (June 3, 2025). Mr. Thibodeau did not have prior approval by the probation officer or court to possess this device. The probation officer was not able to locate and seize the device, as Mr. Thibodeau admitted to throwing it away on June 3, 2025.

As to Allegation 2, on June 4, 2025, the probation office conducted a search of Mr. Thibodeau's residence, during which he admitted to purchasing and began using an HTC cell phone approximately two years ago, which was not approved by his probation officer. In addition, to his admission of possessing the cellular device, he further admitted to using the device to access the internet, specifically accessing social media (Instagram and X) to express his discontent with the Government. Mr. Thibodeau admitted to last using the cellular telephone yesterday (June 3, 2025). Mr. Thibodeau did not have prior approval by the probation officer or court to possess this device. The probation officer was not able to locate and seize the device, as Mr. Thibodeau admitted to throwing it away on June 3, 2025.

PROB12C(E)

| | |
|---|---:|
| Name of Offender: Brian Mathew Thibodeau | June 4, 2025 |
| Docket No.: 21CR01163-001-GPC | Page 3 |

## VIOLATION SENTENCING SUMMARY

### JUSTIFICATION FOR BENCH WARRANT

Mr. Thibodeau presents a risk to the safety of the community as his criminal history includes violent conduct. As Your Honor is aware, the underlying offense involved Mr. Thibodeau purchasing a silencer and possessing associated parts of an AR-15, literature on white supremacy and research on making bombs. Previously, he made threats on the internet to shoot a school. Furthermore, Mr. Thibodeau's recent noncompliance with the conditions of supervised release demonstrates his undue regard for the conditions of the court. To protect the community and assure his presence in court, the probation officer respectfully recommends Your Honor issue an emergency warrant for his arrest.

### RECOMMENDATION

Mr. Thibodeau has violated the conditions of supervised release by his admission to possessing two cellular phones, which both were internet capable, without approval of the probation officer and which were not monitored. Based on his admission he was using both unmonitored devices to access social media, to post his discontent with the Government. Therefore, the probation officer is respectfully recommending a warrant for his arrest be issued. It is noted that the U.S. Probation Officer supervising Mr. Thibodeau will be amending this petition expeditiously in order to provide the Court with the Violation Worksheet and information thoroughly covering the offender's supervision adjustment, personal history and characteristics, sentencing options, and the sentencing recommendation.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 4, 2025**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by  /s/ Amanda Behl
Amanda Behl
U.S. Probation Officer
(760) 339-4203

Reviewed and approved:

/s/ Paula D. Burke
Paula D. Burke
Supervisory U.S. Probation Officer

PROB 12C(E)
Name of Offender: Brian Mathew Thibodeau                                June 4, 2025
Docket No.: 21CR01163-001-GPC                                            Page 4

## THE COURT ORDERS:

**✓** A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

\_\_\_\_\_ THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

\_\_\_\_\_ Other _____

_____                              06/04/25
The Honorable Gonzalo P. Curiel                                Date
U.S. District Judge

AD for NF